**FILED**

**April 8, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time:1:13 PM**



### TENNESSEE DIVISION OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Yolanda Howard | ) | Docket No. 2015-01-0005 |
| | ) | |
| Employer: Unum | ) | State File No. 84357-2014 |

In accordance with Rule 0800-02-22-.02(6), please find attached the Workers' Compensation Appeals Board's Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims in the referenced case.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Opinion Affirming and Remanding Interlocutory Order of Court of Workers' Compensation Claims was sent to the following recipients by the following methods of service on this the 8th day of April, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Yolanda Howard | | | | | X | yhoward127@yahoo.com |
| Gerry Siciliano | | | | | X | gms@lutheranderson.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov



**FILED**

**April 8, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:13 PM**



## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Employee: Yolanda Howard | ) Docket No. 2015-01-0005 |
| | ) |
| Employer: Unum | ) State File No. 84357-2014 |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas Wyatt, Judge | ) |

Affirmed and Remanded – Filed April 8, 2015

## OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal involves an employee who alleges that she developed bilateral carpal tunnel syndrome due to performing repetitive activities while working for the employer. The employer denied the claim on several grounds, including lack of evidence that the employee's condition arose primarily out of her employment. Following an expedited hearing, the trial court denied employee's claim for temporary disability benefits, concluding that the employee had not come forward with sufficient evidence that employee's condition arose primarily out of and in the course and scope of her employment. The employee timely filed a notice of appeal. Having carefully reviewed the record, which did not include a transcript of the expedited hearing or a statement of the evidence, we affirm the decision of the Court of Workers' Compensation Claims.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley, joined.

Yolanda Howard, Chattanooga, Tennessee, employee-appellant, *pro se*

Gerry Siciliano, Chattanooga, Tennessee, for the employer-appellee, Unum

1

## Factual and Procedural Background

The employee, Yolanda Howard ("Employee"), is a 46 year old resident of Hamilton County, Tennessee. She worked for Unum ("Employer") as a customer service representative and claims specialist.[1] Her job required repetitive use of her arms, hands, and fingers while using a computer and telephone. Beginning in 2012, Employee noticed pain and numbness in her upper extremities. In an effort to alleviate her symptoms, Employer replaced her keyboard. Employee also took anti-inflammatory medications and wore wrist splints. In June 2014, Employee resigned her position. The trial court concluded that her resignation was due to "multiple factors, including workplace stress caused by alleged unfair management practices." On October 21, 2014, Employee gave notice that she intended to pursue a workers' compensation claim for bilateral carpal tunnel syndrome. On December 1, 2014, Dr. Marshall Jemison, a hand specialist practicing in Chattanooga, diagnosed "probable bilateral carpal tunnel syndrome and cubital tunnel syndrome." In his report, Dr. Jemison commented that "she has had diabetes for several years and is on Metformin." Employer filed its Notice of Denial on December 30, 2014. An EMG/nerve conduction study confirmed a diagnosis of carpal tunnel syndrome and Dr. Jemison performed a left carpal tunnel release on January 27, 2015.

On January 14, 2015, Employee filed a Petition for Benefit Determination. Following the issuance of a Dispute Certification Notice on February 9, 2015, Employee filed a Request for Expedited Hearing. Following the hearing on March 6, 2015, the trial court entered its Expedited Hearing Order denying Employee's request for benefits on March 12, 2015. Employee filed her Notice of Appeal on March 18, 2015. The case was received by the Clerk of the Appeals Board on April 2, 2015.

## Standard of Review

The standard of review applicable in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless "the rights of the party seeking review have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. We have gleaned the factual background from the pleadings, the exhibits introduced at the expedited hearing, and the trial court's order entered following the expedited hearing.

2

(C)  Do not comply with lawful procedure;

(D)  Are arbitrary, capricious, characterized by abuse of discretion, or clearly unwarranted exercise of discretion; or

(E)  Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(2) (2014).

In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay County Manor, Inc. v. State of Tennessee*, 849 S.W.2d 755, 759 (Tenn. 1993) (*quoting Southern Railway Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(2), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

An appellant has the burden to ensure that an adequate record is prepared on appeal. As the Supreme Court's Special Workers' Compensation Appeals Panel explained in *Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451 (Tenn. Workers' Comp. Panel May 19, 2004):

> The appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. Tenn. R. App. P. 24(b). We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

*Id.* at *6-7 (*citing Manufacturers Consol. Service v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000)). We have noted in prior opinions that including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. *See, e.g., Payne v. D and D Electric*, No. 2014-01-0023 (Tenn. Workers' Comp. Appeals Bd. Dec. 17, 2014). "Full appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at *12 (Tenn. Ct. App. Aug. 16, 2000). "Without a transcript or a statement of the evidence, the appellate court

3

cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Because no transcript or statement of the evidence was provided by the appellant in this case, we must presume that the trial court's findings were supported by sufficient evidence.

Moreover, to be entitled to benefits at an expedited hearing, an employee must come forward with sufficient evidence from which the trial court reasonably can determine that the employee is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2014). As discussed by the trial court, the Tennessee Workers' Compensation Law, as amended on July 1, 2014, requires an employee to establish that his or her condition arose "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). In order to satisfy this standard, the employee must show "by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(13)(B) (2014). In the present case, the only evidence regarding medical causation was offered by Employer, who provided an opinion from the treating physician, Dr. Jemison, that Employee's condition was "*not* primarily related" to her work activities (emphasis added). In the absence of any evidence from Employee addressing medical causation, we find that the record supports the trial court's determination on this issue.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's finding that Employee did not come forward with sufficient evidence to show that her medical condition arose primarily out of and in the course and scope of employment. Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

4